Rafael Maldonado, Plaintiff and Appellee, *v.* Juan Vázquez, Defendant and Appellant.

No. 5306. Argued March 6, 1931.—Decided April 8, 1932.

318

 

*Luis F. Camacho* for · appellant. *José F. Fernández Segarra* for appellee.

Mr. Justice Hutchison delivered the opinion of the Court.

Plaintiff in an action for damages appealed from the judgment of a municipal court. In the district court defendant moved to dismiss the appeal. The motion was overruled and, after a trial on the merits, judgment was rendered for plaintiff. Defendant appeals from this judgment and assigns as error the overruling of his motion.

The first of six grounds upon which defendant based his motion was that the notice of appeal was not addressed to the secretary of the municipal court nor to defendant's attorney. The notice was filed with the secretary and addressed to the municipal court. A copy thereof was served by mail on defendant's attorney. The failure to follow literally the form prescribed by statute was not a fatal defect. *Roig Commercial Bank* v. *Succn. of Lugo,* 34 P.R.R. 148.

Another ground was that the notice of appeal did not specify the date of the judgment. The judgment was rendered in the municipal court on August 22. The notice of appeal was filed August 28. It specifies the judgment rendered by the municipal court ''in the above entitled cause.'' The judgment rendered on August 22 was the only judgment rendered by the municipal court in that cause. The notice of appeal sufficiently identified that judgment. *Calcerrada* v. *American Railroad Co.,* 36 P.R.R. 647.

Another ground was that the transcript had been certified by the secretary, without previous request for a certificate by the attorneys and without any showing that defendant's attorney had refused to certify the same, or that there had been any disagreement between the attorneys. The question

here sought to be raised, as developed in the brief for appellant, does not demand serious consideration. The mere fact that the district court refused to dismiss the appeal, notwithstanding the alleged absence of a sufficient showing as to the necessity of a certificate by the clerk instead of one by the parties or their attorneys, is not enough to require the reversal of a judgment on the merits.

Other grounds were that the affidavit of service of the notice of appeal did not show in what post office the envelope containing that notice had been deposited; that there was no proof of service by mail of a copy of the transcript on appeal and that there was no proof of service by mail of the notice of appeal. Defendant admits that these omissions were supplied by plaintiff after the filing of the motion but he insists that proof of service may not be made nor defects therein cured after the filing of a motion to dismiss an appeal. He cites *Ríos* v. *Ríos et al.*, 15 P.R.R. 247. We do not find in that case any satisfactory basis for defendant's theory. Among the later cases holding that proof of service may be made in answer to a motion to dismiss are: *A. Alvarez Bros.* v. *Alamo et al.*, 36 P.R.R. 49, *and Rivera* v. *Reyes et al.*, 32 P.R.R. 880.

The district judge did not err in overruling the motion to dismiss the appeal from the judgment of the municipal court.

Defendant moved in the district court to strike certain words from "the second averment of the complaint." It would suffice to say that at the time this motion was filed the complaint had been amended and the second averment of the amended complaint did not contain the words quoted in the motion. The third averment of the amended complaint, however, reads as follows:

"That the Graham truck, Motor No. 1096–555, which on the 17th day of May of this year (date of the occurrence of the accident hereinafter recited, causing damages to the property of the plaintiff) bore license plates No. H–385 and now displays plates No. C–625, was

on the said 17th day of May, 1928, prior to and after that date, the property of the said defendant, Juan Vázquez, as it appears recorded in the Division of Automobiles, Department of the Interior of Puerto Rico.''

The obvious purpose of this averment was to identify the truck as the property of defendant. Whether or not the words ''causing damages to the property of the plaintiff'' (*y en el cual se ocasionaron daños y perjuicios a propiedad del demandante*), state a conclusion of law as claimed by appellant is not important. The elimination of the phrase could not have affected the result in the court below, and defendant was not prejudiced in any substantial right by the overruling of this motion.

In the same motion defendant asked that a second cause of action be stricken from the complaint. The motion itself is not very intelligible as to this aspect. Whether the meaning of its peculiar phraseology was explained to the district judge prior to his ruling does not appear. The second cause of action was a claim for compensation at the rate of $5.00 a day during a period of thirty days for the loss of what plaintiff might have earned by the use or rental of his automobile, a public vehicle, which had been damaged or destroyed in a collision with defendant's truck. The district judge found that there was no evidence to support this claim and so nothing upon which to base an award of damages thereunder. The error, if any, in overruling the motion to strike plaintiff's second cause of action was therefore harmless.

In March, 1929, defendant demurred to the complaint for want of facts sufficient to constitute a cause of action. In May defendant failed to appear on the day set for a hearing and the demurrer was overruled *pro forma*. The objection was never renewed although the case was not tried until October. The district judge was never informed as to the specific omission of which appellant now complains, namely, the omission of an averment that the driver of defendant's truck was acting within the scope of his employment.

In the third averment, *supra,* plaintiff said that defendant was the owner of the truck. In the fourth he said that, at the time of the accident, Toribio Martínez, an employee of defendant was driving defendant's truck.

If defendant had pointed out to the district judge the specific omission now complained of, and if the district judge had sustained the demurrer, plaintiff would have had an opportunity to amend his amended complaint. The defect was not a glaring one. In the absence of defendant on the day set for a hearing, it was not incumbent on the district judge to scrutinize the complaint. It may or may not be a fair inference from the phraseology of the fourth averment that defendant's employee in charge of the truck at the time of the accident was acting within the scope of his employment. There may be room for argument as to how far this averment should be regarded as a defective statement rather than an omission of an essential element in plaintiff's cause of action. These questions are not discussed in the brief for appellant. Without prejudice to further consideration of the matter in future cases, we hold that any technical error in overruling the demurrer is not a sufficient ground for reversal.

What we have said concerning the overruling of the motion to strike the second cause of action disposes of a contention that the district judge erred in permitting a certain question as to the purposes for which plaintiff's automobile had been used.

Another contention is that the district court erred in admitting in evidence a certificate issued by the Assistant Commissioner of the Interior, without due identification of the signature. The theory of appellant is that the district court could not take judicial notice of the signature of an assistant commissioner. Appellant does not cite any page or portion of the record in connection with this contention. The brief for appellant is self-contradictory as to what occurred in the district court. According to the portion of the stenographic record cited by appellee, defendant objected on other grounds at the

time when the document was offered in evidence. Nothing was said at that time about the failure to identify the signature of the assistant commissioner. The question of judicial knowledge, or want of judicial knowledge, seems to have been an afterthought. The objection that the signature was not duly identified comes too late when made for the first time on appeal.

We are inclined to agree with appellant that the district judge erred in permitting certain leading questions, over the objection of defendant, but this, without more, is not enough to overturn the judgment.

The seventh and last assignment is that the district court erred in rendering judgment for damages in the sum of $400. The prayer of the complaint was for $407. Of this amount, $150 was claimed as compensation for the loss of earnings that would have been derived from the use of the car. As already pointed out, the district judge found that there was no evidence to support such an award. Appellee concedes that the amount of the judgment should be reduced to $257.

The judgment appealed from will be modified accordingly, and, as modified, affirmed.

Mr. Justice Wolf took no part in the decision of this case.